IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. REDD, JR., | No. C 10-3055 WHA (PR) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| FRANCISCO JACQUEZ, et al., | |
| Respondent. | (Docket No. 6) |

## INTRODUCTION

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging the denial of parole by the California Board of Parole Hearings ("Board"). Respondent has filed a motion to dismiss the petition for failing to state a valid claim for federal habeas relief, and petitioner has filed an opposition. For the reasons discussed below, the motion is **GRANTED**.

## STATEMENT

According to the petition, Petitioner was sentenced in 1976 to a term of seven-years-to-life in state prison after a jury found him guilty of first degree murder in San Francisco County Superior Court. Petitioner challenges the Board's decision denying him parole after a twelfth parole suitability hearing on September 9, 2008. Petitioner filed habeas petitions in the state superior court, state appellate court, and the state supreme court, all of which were denied as of December 2009.

**ANALYSIS**

Petitioner agrees in his opposition that all but two of his claims are barred by the United States Supreme Court decision in *Swarthout v Cooke*, 131 S.Ct. 859, 862-63 (2011) (holding that due process does not require more in parole hearing than opportunity to be heard and statement of reasons why parole was denied; it is irrelevant whether there was "some evidence" to support denial of parole).

Petitioner has two remaining claims. First, he claims that the Board violated the Ex Post Facto Clause by using parole regulations that were amended in 1979, three years after his conviction. Petitioner's claim fails because he has not identified any substantive changes to the parole eligibility standards in the 1979 amendments. A new state law that imposes identical "substantive standards" for parole eligibility does not create an ex post facto violation. *See California Dep't of Corrections v. Morales*, 514 U.S. 499, 507-09 & n. 2 (1995). Moreover, such a change does not violate the Ex Post Facto Clause with respect to a prisoner who cannot demonstrate with certainty that he would have been granted parole before the change. *See Johnson v. Gomez*, 92 F.3d 964, 967-68 (9th Cir. 1996). Petitioner has not explained why he would have been granted parole under the prior law. Consequently, his claim under the Ex Post Facto Clause fails.

Petitioner's last remaining claim is that the Board violated his First Amendment rights by requiring him to attend Alcoholics Anonymous or Narcotics Anonymous in order to be granted parole. The Board did not require him to attend either of these programs in denying parole, however; indeed, neither of the programs were mentioned in the Board's decision (Resp. Ex. 1 at 38-45). As the record does not support petitioner's claim that he was "required" to attend Alcoholics or Narcotics Anonymous, his claim fails.

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss (docket number 6) is **GRANTED** and the case is **DISMISSED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in

2

which the petition is dismissed. Petitioner has failed to make a substantial showing that a reasonable jurist would find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November  14 , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\REDD3055.MTD.wpd

3